# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS HOMBS,**

    **Petitioner,**

v.                                               **Case No. 18-CV-1380**
                                                  **Case No. 18-CV-1382**

**COREY ROESELER,**

    **Respondent.**

## RECOMMENDATION FOR DISMISSAL OF PETITIONS AND ORDER DENYING AS MOOT

Thomas Hombs, who is currently incarcerated at Sheboygan County Detention Center, filed separate petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (18-CV-1380, Docket # 1) and 28 U.S.C. § 2254 (18-CV-1382, Docket # 1). Although Hombs filed with his petitions motions to proceed without prepayment of the filing fee (*in forma pauperis*) (both Docket # 2), he has submitted the $5.00 filing fee for both cases. Because he has paid the filing fees, his requests to proceed *in forma pauperis* will be denied as moot and his petitions will now be screened.

The Seventh Circuit has held that "§ 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody." *Walker v. O'Brien*, 261 F.3d 626, 633 (7th Cir. 2000). Therefore, "when a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case." *Id.* Because Hombs is in custody pursuant to a state court conviction, § 2254 is the only section under which Hombs can

petition for a writ of habeas corpus. Accordingly, I will screen both petitions as filed under § 2254.

I must now review Hombs' petition under § 2254 in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, the Court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

One who pursues relief under 28 U.S.C. § 2254 must have exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). State remedies are ordinarily not considered exhausted if there are any currently available and adequate procedures for the individual to present his claim. 28 U.S.C. § 2254(c). In his petition under 28 U.S.C. § 2254, Hombs admits that he did not appeal from his judgment of conviction. (18-CV-1382, Docket # 1 at II.A.) Hombs goes on to claim that he sought further review by the highest state court (*Id.* at II.B); however, he references only his personal letter addressed to this Court dated July 6, 2018 (18-CV-1380, Docket # 3) and a letter from the Wisconsin Department of Corrections to Judge L. Edward Stengel of the Sheboygan County Circuit Court dated June 26, 2018. Neither of these constitutes an appeal of his convictions in the state courts. Because Hombs has not availed himself of the opportunity to appeal his convictions through existing and

appropriate state procedures, he cannot be said to have exhausted his available state remedies. Therefore, I recommend that Hombs' petition under § 2254 be dismissed without prejudice.[1]

**Notice to Petitioner:** On October 2, 2018, I ordered partial prepayment of fees for your complaint under 42 U.S.C. § 1983 (18-CV-1383, Docket # 1) and notified you of the option to voluntarily dismiss that complaint on or before October 23, 2018. (*Id.* Docket # 6.) I explained that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. (18-CV-1383, Docket # 6 at 2.) If you voluntarily dismiss the action, the dismissal will not count as a "strike" under the PLRA § 1915(g). If you choose not to dismiss the action, and the court finds that the action is frivolous or malicious or fails to state a claim upon which relief can be granted, the action will be dismissed and you will incur one "strike" under the PLRA § 1915(g), which may affect your ability to bring other actions *in forma pauperis* in the future.

In deciding whether to voluntarily dismiss your § 1983 complaint, you should also consider that if you are seeking to challenge your state court conviction, a § 2254 petition is the proper vehicle to do so as discussed above, not a § 1983 complaint. A § 1983 complaint is the proper vehicle to challenge other government actions such as prison conditions, but as noted it requires payment of the initial filing fee and may subject you to a "strike" if it is dismissed.

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Hombs' petitions. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

**NOW, THEREFORE, IT IS ORDERED** that Hombs' petitions to proceed *in forma pauperis* (18-CV-1380, Docket # 2 and 18-CV-1382, Docket # 2) are **DENIED AS MOOT**.

**IT IS RECOMMENDED** that Hombs' petition for writ of habeas corpus pursuant to 18 U.S.C. § 2241 (18-CV-1380, Docket # 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Hombs' petition for writ of habeas corpus pursuant to 18 U.S.C. § 2254 (18-CV-1382, Docket # 1) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 5th day of October, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge